[886 NYS2d 213]

In the Matter of MARK CRUTCHFIELD (Admitted as MARK EDWARD CRUTCHFIELD), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 29, 2009

APPEARANCES OF COUNSEL
*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On January 8, 2009, the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a verified petition dated December 9, 2008, containing allegations of professional misconduct, and moved, by order to show cause, for his immediate suspension. The order to show cause, permitting substituted service upon the respondent at his business, 1120 Avenue of the Americas, New York, N.Y. 10036, was signed by Presiding Justice Prudenti on January 6, 2009. Substituted service was effected, but the respondent did not submit a response to the petition.

By decision and order on motion of this Court dated March 11, 2009, the respondent was immediately suspended from the practice of law, pending further proceedings, upon a finding that he was guilty of misconduct immediately threatening the public interest in that he failed to submit written answers to complaints of professional misconduct filed against him and failed to comply with the lawful demands of the Grievance Committee.

On March 16, 2009, a copy of the decision and order on motion dated March 11, 2009 was served on the respondent by delivery to the receptionist at the respondent's business address, and by mailing it to that same address by regular first class mail.

The respondent failed to submit an answer to the petition or apply for an extension of time in which to answer.

The Grievance Committee now moves to disbar the respondent, based upon his failure to answer the petition within the time frame set forth by the Court in the decision and order on motion dated March 11, 2009. The instant motion to adjudicate the respondent in default was served on the respondent by substituted service on April 22, 2009. No response or request for an extension of time in which to reply has been received.

Accordingly, the Grievance Committee's motion is granted, the charge in the petition is deemed established and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BALKIN, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark Crutchfield, admitted as Mark Edward Crutchfield, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mark Crutchfield, admitted as Mark Edward Crutchfield, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Mark Crutchfield, admitted as Mark Edward Crutchfield, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark Crutchfield, admitted as Mark Edward Crutchfield, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).